## IN RE ASSESSMENT OF TAXES, OAHU COLLEGE.

APPEAL FROM TAX APPEAL COURT, FIRST TAXATION DIVISION.

SUBMITTED APRIL 20, 1903.                    DECIDED MAY 29, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

It is not necessary to make return for purposes of taxation of property which, by virtue of the provisions of Section 836, C.L., is not subject to taxation, nor to claim in the tax return that such property is exempt.

A failure to make return and claim of the exemption to the assessor is not a waiver of the right to demand the benefit of the statute.

The valuation of $25,000.00 placed on the property by Tax Appeal Court is affirmed.

OPINION OF THE COURT BY GALBRAITH, J.

(Frear, C.J., dissenting.)

This appeal was taken by the Tax Assessor from the decision of the Tax Appeal Court fixing the valuation on the property of the Oahu College located on Miller Street, Honolulu. The return made by the Trustees was, "Grant No. 1248, corner of Miller and Vineyard streets, 3 8-10 acres, $1920." The assessor increased this valuation to $64,600 and the Tax Appeal Court after a hearing reduced it to $25,000.

The contention is made in behalf of the College that the return was an error; that the return should have been for two acres only; that while it owns at that location 3 8-10 acres, 1 8-10 acres of this land is in actual use for school purposes and is exempt from taxation under Section 836, C. L., and that it is only liable to taxation for the two acres not used for school purposes; and that the valuation placed on this land by the Tax Appeal Court of $25,000 is its full and true cash value.

The contention of the Assessor is that while the property owned by the College and actually used by it for school purposes is exempt from taxation, the claim for exemption in this instance cannot be allowed for the reason that the exemption was not claimed in the return and the the right to the exemption was waived by not making claim for it in the return.

The one question of difficulty presented by this appeal is whether or not the law requires the tax payer to return exempt property and to claim the exemption in the return in order to obtain the benefit of the exemption allowed by the statute. The solution of this question requires an interpretation of several sections of the tax statute. The law should be construed as a whole in order to determine the intention of the legislature— the real end sought in all interpretation of statutes.

Section 805, C. L., fixes the taxing period for the several kinds of property subject to taxation in this Territory and so far as it relates to the question at issue provides that, "All tax

p'ayers shall make return of their property and the value thereof between the first and thirtieth days of January of each year." Standing alone this section would only require the return to show property subject to taxation—there would be no purpose for requiring it to show more.

Section 817 reads: "Except as herein provided, all real property and all personal property within the Territory shall be subject to an annual tax of one per cent. upon the full cash value of the same."

*"Except as herein provided"* takes out of the class of taxable property such real and personal property as is exempt from taxation by law.

Section 836, provides in part that "The following property shall be exempt from taxation: Real and personal property belonging * * * * * to incorporated or private schools and in the actual use of such schools."

Section 837, "Provided, however, that the tax of one per cent. herein imposed upon property shall be collected only upon property in excess of the value of three hundred dollars, be the same real or personal.

Such exemption shall be allowed in but one taxation district of the Territory, and that taxation district shall be the one in which the property owner resides.

And further provided, that no exemption shall be allowed from the property of corporations, companies, estates of deceased persons or non-residents.

And further provided, that a tenant, lessee or occupier of any real property that is exempt from taxation, shall not by reason thereof be exempt from taxation, but shall be assessed and shall be subject' to taxation, in respect to the value of his interest in such property."

Section 870. "Each person liable to pay taxes and every owner or possessor of any property, real or personal, whether entitled to exemption or not, shall in the month of January of each year," etc., make return to the assessor.

Section 875. "Any person whose name may appear on such tax list, who shall have made his return to the assessor as

hereinbefore provided, and, if entitled to exemption, shall have claimed such exemption, and who may deem himself aggrieved," etc., may appeal to the Tax Appeal Court.

Considered alone Sections 870 and 875 tend to support the contention of the assessor but when taken in connection with the other provisions quoted it will be seen that in order to sustain the contention it will be necessary to read into section 836 a proviso not written in it by the legislature. This section exempts from taxation absolutely school property in actual use for school purposes and to hold such property subject to taxation under any circumstances it is necessary to read into the section a proviso something like this, "provided the property is returned and the exemption is claimed in the return." To do this would be an act of legislation pure and simple and is beyond the rightful power and duty of the court.

The exemption given by section 836 is of specific property and that in 837 is of property in the aggregate, of a designated value. The benefit of 837 is given to the person and is in the nature of a personal privilege. It is allowed to some persons and denied to others. Its benefits are given to individual taxpayers residing in the Territory and is denied to corporations, companies, the estates of deceased persons and non-residents. If the reference to "exemption" in Section 870, governing the return, and to claiming "exemption" in Section 875, governing appeals, relates only to the exemption given under Section 837, as we think was intended by the legislature, then there is harmony among all of the provisions and the law stands as written.

The very language of Section 875 condemns the construction contended for in the dissenting opinion. "If entitled to exemption, shall have claimed such exemption, and who may deem himself aggrieved by any charge made by the assessor in the valuation of the property as returned." This language cannot refer to specific property exempt from taxation. (1) because, if the property is exempt it is not valued in the return and if it is not valued how is it possible for the taxpayer to

deem himself aggrieved by any change in the valuation thereof made by the assessor? (2) "if entitled to exemption" cannot refer to items of exempt property. The phrase "entitled to" clearly conveys the idea of a privilege or right given to or connected with a person. This can only mean that if the taxpayer is within the class of persons entitled to claim the exemption given in Section 837 and claims the same it shall be allowed him. In this view of the question it is not necessary to add to or take from the words of the statute as written.

This construction would require the person entitled to the exemption allowed by Section 837 and whose property does not amount to over three hundred dollars in value to make the return and to claim the exemption as well as the one whose property does amount to more than that amount. The reason for requiring the return in the once case as well as in the other would be that the valuation of the property might be passed on by the assessor, the Tax Appeal Court and this Court if either the assessor or the taxpayer were dissatisfied with the valuation.

Where property is exempt it is not subject to taxation and there is no reason for requiring it to be returned and valued.

This interpretation has the support of the construction of the officers whose duty it has been to administer the law and usage under it, whatever weight such construction and usage may be entitled to. We understand that it has not been the practice to require the owners of the exempt property, under Section 836, to return the same; that no return has been required of the property belonging to the Territorial Government or the Queen's Hospital, or the Board of Education, or Churches and Colleges of property in actual use for religious or educational purposes.

We conclude that the 1 8-10 acres of the property in actual use for school purposes was under the law exempt from taxation and it was not necessary to return it or to claim the exemption in the return and that the taxpayer had a right to

show that the return was an error and to demand the exemption allowed by the statute.

As to the valuation of the two acres we are inclined to the opinion that the evidence does not show that the valuation of $25,000 was less than the true cash value of the property and affirm the same. It is so ordered.

*Robertson & Wilder* for assessor.

*Atkinson & Judd* for taxpayer.

### CONCURRING OPINION OF PERRY, J.

I concur. The real and the personal property which is required by the statute (C. L., Sect. 870, Subdivision 1) to be returned is that only which is *subject to taxation.* This is not a conclusion reached by mere inference from other language of the statute or by construction. The section in express words declares that the return required to be filed shall set forth the description, situation and value of the real and the personal property *"subject to taxation"* belonging to such person,—not of any other property. It is not a correct résumé of the section to say that it requires every owner or possessor of any property, real or personal, whether entitled to exemption or not to make *a return,* for the section contains another provision, an equally important one, to wit, that descriptive of the property directed to be returned. Similarly, the animals (Subdivision 3) and the employees (Subdivision 4) required to be returned are those only which are *"subject to taxation."* "Whether entitled to exemption or not," refers to the person or owner and not to the property; it refers to the privilege or exemption which is given to the owner and not to the class in which property is placed, as to taxability. Thus read, but not otherwise, the section is consistent with itself and with the other portions of the act. So, too, in Section 875, "if entitled to exemption," refers to the person.

Not all real or personal property within the definitions given by Sections 818 and 819 is made taxable by Section 817. By

virtue of the express exception in the latter Section, "except as herein provided," so much only of property of those classes is taxable as is not by other provisions of the act declared to be non-taxable.

There are several exemptions or privileges which were extended by the Act to certain persons or classes of persons and not to others, as, for example: (1) the better known $300 exemption which is enjoyed, not by all owners alike, but by some only (Sect. 837); (2) that, as to personal taxes, in favor of infirm and indigent persons, to be granted by the assessors at their discretion (Section 835); (3) that, as to personal taxes, in favor of clergymen, members of the Hilo Fire Department and officers and soldiers of the National Guard and sharpshooters (Section 834).

If the sections under consideration are so construed, they are all given effect and are consistent with each other. The mandate of Section 836 is carried out and the property declared to be non-taxable is left free from taxation in all cases and not in some only; that of Section 870 is complied with and returns are required to be filed *of* all property *subject to taxation* and that, too, whether the *person* or *owner* (not the property) is entitled to exemption or not; and that of Section 875 likewise is obeyed and no person may appeal to the Tax Appeal Court on the question of whether or not he as distinguished from other persons (not the property) is entitled to an exemption unless he has claimed such exemption before the assessor. The time when such last mentioned claim, so far as poll, road and school taxes are concerned, is required by the statute to be made, may be a matter involved in some doubt, but the point need not be now decided. Certainly Section 877, which prescribes the form of certificates of appeal, shows beyond doubt that the legislature intended that disallowed claims for exemption from personal taxes, like other enumerated classes of questions, should be the subject of appeal.

The property described in 836 was, it seems to me, intended by the legislature to be free from taxation and that irrespective

of whether it was returned or not. I cannot believe that it was intended to authorize the assessor to assess and tax such property in cases where it is not returned or where it is not claimed in the return to be non-taxable. Even in the cases of the "property of parties or persons unknown and of non-residents for whom no return is made" it is the *taxable* property only which assessors are authorized to assess. Section 825.

If it be claimed that Section 805 requires taxpayers to return *all* their property, the obvious answer is that that section does not purport to set forth *what* property shall be returned, but merely to provide that all returns shall be made *between the first and thirtieth days of January of each year,* the emphasis being on the date and not on the nature of the return. The title "Assessment and Other Dates," as well as the other provisions of the section, make this clear. The section is what it purports in the title to be, a statement of the dates when assessments and other acts are required by the statute to be done, and nothing else.

The statement of the area of the land returned in the case at bar was manifestly an error. The value given, $1920, cannot be reasonably supposed to have been intended as the value of the whole 3.8 acres, situate so near the center of the city. Further the land is described as being situate on the corner of *Miller* and *Vineyard,* not *Beretania,*—the latter is by far the more central and important thoroughfare and would ordinarily have been referred to had it been intended to describe the whole lot. Again, the return of leases of property at "corner of Miller and Vineyard Streets," shows a total annual rental of $240, just one-eighth of the value returned. I think that the intention was to return only the small parcel which is subject to the leases and situate on the corner named, that that intention sufficiently appears from the return as a whole and that the return should be so construed.

Upon the only evidence adduced on the subject of the use to which the property had been put, that is to say, the testimony of the principal of the Punahou Preparatory School, I doubt

very much whether the Tax Appeal Court was justified in finding that a portion, two acres in extent, had not been in the actual use of the school, but since the college has not appealed that finding cannot be disturbed nor the valuation fixed by that court reduced.

### DISSENTING OPINION OF FREAR, C.J.

The question is whether in order to entitle itself to take advantage of the exemption on appeal the appellant should have claimed it in its return.

It is true that Sections 817, 836 and 837, which relate to taxable property and exemptions, as well as most of the other sections of the statute, do not require this, for they have nothing to do with returns or claims of exemption or appeals.

But Section 870 expressly provides that, "Each person liable to pay taxes and every owner or possessor of any property, real or personal, *whether entitled to exemption or not*" shall make a return, and Section 875 expressly provides that, "Any person whose name may appear on such tax list, who shall have made his return to the assessor as hereinbefore provided, and, *if entitled to exemption, shall have claimed such exemption*," and "whose *claim for exemption* shall not have been allowed, may appeal from such assessment," &c. Of these two sections, 870, which relates to returns, is, it is true, when read alone, somewhat ambiguous, because in specifying what shall be included in the return it speaks of property "subject to taxation." But the appellant did in fact return the whole property in dispute. The question is whether it should also have claimed the exemption as required by the other of those sections (875), which is the one now involved. There would seem to be little, if any, uncertainty about this. The language is clear. An appeal is allowed only on certain conditions, one of which is, if the appeal is on a question of exemption, that the appellant, "if entitled to exemption, shall have claimed such exemption," and no appeal can be entertained unless allowed by the statute, as this Court has held time and again.

The majority of the court come to an opposite conclusion but, in part at least, on different lines of reasoning. One of the majority thinks that the view that the exemption must be claimed, requires reading provisos into Sections 817 and 836. But that is not so any more than the contrary view requires not only reading some provisos into but some express provisions out of Section 875. It is unnecessary to do either. All that is necessary is to construe these sections together. As so construed, they mean, as it seems to me, that a party is entitled to exemption in certain cases but that if he wishes to take advantage of his special privilege he must claim it in his return. This member of the majority seems to make the exemptions mentioned in 875 relate only to those mentioned in 837 and not to those mentioned in 836. No such distinction is made in the statute. The privilege is special under 836 as well as under 837. Under each, the exemption is of property and not of persons. Under each, the exemption applies in certain cases and not in others. I believe also the exemption under Section 837 has in practice been allowed though not claimed. There is as much reason, perhaps more reason, both in policy and so far as the language of Sections 836 and 837 is concerned, for requiring a return and claim of exemption of property covered by Section 836 as of property covered by Section 837. Property belonging to the Territory or the Board of Education would not be taxable anyway, whether expressly declared to be exempt or not. The argument that the language of 875 condemns the construction now contended for, is answered by a reading of the whole section instead of only the part quoted in the prevailing opinion. To say that 875 applies to 837 and not 836 would seem to require a somewhat arbitrary construction.

The other member of the majority makes the exemption mentioned in Section 875 relate to personal exemptions as distinguished from property exemptions, and includes the exemption mentioned in Section 837 among the personal exemptions although it is expressed to be an exemption from the ordinary "tax of one per cent. herein imposed upon *property*" and is

only a proviso of the preceding Section (836), which relates to property taxes, and contains in itself a proviso relating to what is unquestionably a property tax. There does not seem to me to be any sufficient reason to make Section 875, which is general in its terms, relate to exemptions of personal taxes and not to exemptions of property taxes. Perhaps the reason most relied on for making such a distinction is that Section 870 in enumerating what shall be set out in the return does not require exempt property to be set out. But it just as clearly does not require anything to be set out in regard to the personal taxes of the party making the return. As a matter of practice no return for purposes of personal taxes is required or made, except that an employer is required in his return to set forth the names and nationalities of his employees who are subject to taxation. But that is merely for the convenience of the collector. The employer is not liable for the taxes of his employees nor can he in his own right claim an exemption or appeal for them. Indeed there is much in the statute to indicate that returns were intended to have nothing to do with personal taxes. For instance, such taxes have to be paid before March 31 and yet the assessment books, which are based on the returns, are not open to inspection until July 1, and the time for appealing is stated to be from July 1 to July 20.

The view that claims for exemptions have to be made, would not permit the assessment of non-taxable property of unknown or non-resident owners (under Sec. 825) any more than it would permit the assessment of non-taxable property of known or resident owners in the absence of a return or appeal. There is a difference between property that cannot be taxed under any circumstances and property that is ordinarily taxable under the law but which for some special reason is exempt in a particular case. In the one case the property is not subject to taxation at all; in the other case, it may be taxed unless the party entitled to the exemption claims his special privilege and shows that he comes within the exception to the general rule. I presume

that in any case the assessor would not assess exempt property if he knew that it was exempt, whether returned or not.

The statute is uncertain and inconsistent in a great many respects and while this may justify construing it more liberally than might otherwise be proper, at the same time it makes it more uncertain as to just what the legislature really intended. Here in Section 875 there is a clear express provision and one that seems to be reasonable and in harmony with the reasoning of past decisions, and I do not see my way clear to construe it away.